**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ALAN ENGLE,

                Plaintiff,

-vs-                                                    Case No.: 3:16-cv-1437-J-34JRK

CELADON GROUP, INC.,

                Defendant.

_____

## **ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Voluntary Dismissal and Incorporated Memorandum of Law (Doc. 23; Motion) filed on September 5, 2017. In the Motion, Plaintiff Alan Engle ("Engle") seeks dismissal of this matter without prejudice. See Motion at 1. Defendant Celadon Group, Inc. ("Celadon") filed a response in opposition to the Motion on September 28, 2017. See Defendant's Memorandum of Law in Response and Opposition to Plaintiff's Motion for Voluntary Dismissal (Doc. 23) (Doc. 26; Response). In the Response, Celadon argues that the Motion should be denied, but if granted, 1) the dismissal should be with prejudice as to Celadon, Celadon Trucking Services, Inc., Ms. Haar and Mr. Bullins; 2) Engle should be required to execute a release; 3) Celadon should be awarded costs; and 4) the case, if refiled, must be filed in the United States District Court, Middle District of Florida, Jacksonville Division. See Response at 14.

### **I.**    **Background**

On May 24, 2016, Engle filed a personal injury lawsuit in state court against Celadon seeking damages as a result of injuries he sustained in an accident in Jacksonville, Florida.

See Complaint (Doc. 2; Complaint). Celadon removed the case to this Court on November 16, 2016, see Notice of Removal (Doc. 1), and filed its Answer and Defenses (Doc. 3) on that same date. Engle requested that the case be remanded to state court, see Plaintiff's Motion to Remand (Doc. 5), but the Court denied that request at a hearing held on January 18, 2017, see Clerk's Minutes (Doc. 12). Shortly thereafter, the Court entered a scheduling order setting forth the deadlines in this matter. See Case Management and Scheduling Order and Referral to Mediation (Doc. 14; CMSO). On May 17, 2017, Engle filed an unopposed motion to extend the deadlines set forth in the CMSO citing a need for additional time to conduct the Rule 30(b)(6) depositions of UPS representatives necessary to determine whether he should amend the Complaint. See Plaintiff's Unopposed Motion to Amend Case Management and Scheduling Order and Referral to Mediation (Doc. 20). The Court granted that motion and entered an amended scheduling order on May 18, 2017. See Amended Case Management and Scheduling Order (Doc. 22; Amended CMSO).

## II. Discussion

Upon the filing of an answer or a summary judgment motion, Rule 41(a)(2), Federal Rules of Civil Procedure (Rule(s)), governs a plaintiff's ability to voluntarily dismiss an action without prejudice. See Rule 41(a)(1)-(2); see also Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001).[1] Specifically, Rule 41(a)(2) permits a plaintiff to voluntarily dismiss an action without prejudice only "by court order, on terms that the court

---

[1] Rule 41(a)(2) provides, in pertinent part, that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." In turn, Rule 41(a)(1) provides that, generally, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the defendant serves an answer or motion for summary judgment.

considers proper." Rule 41(a)(2). This dismissal is without prejudice unless otherwise specified in the order of dismissal. See id.; see also Pontenberg, 252 F.3d at 1255. A district court has broad discretion when considering a Rule 41(a)(2) motion for voluntary dismissal. See Pontenberg, 252 F.3d at 1255; see also In re Bayshore Ford Trucks Sales, Inc., 471 F.3d 1233, 1259 (11th Cir. 2006) ("The decision to grant or deny a Rule 41(a)(2) motion to dismiss an action without prejudice is entrusted to the sound discretion of the district court").

"'[I]n most cases, a voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result.'" Pontenberg, 252 F.3d at 1255 (quoting McCants v. Ford Motor Co., Inc., 781 F. 2d 855, 856-57 (11th Cir. 1986))(emphasis in original). "'The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal.'" Id. (quoting Durham v. Fla. E. Coast, Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)[2]). However, the fact that a plaintiff may gain an advantage in future litigation will not act as a bar to a Rule 41(a)(2) voluntary dismissal. See McCants, 781 F.2d at 857; Der v. E.I. Dupont de Nemours & Co., 142 F.R.D. 344, 346 (M.D. Fla. 1992). "Rather, the district court must exercise its broad equitable discretion under Rule 41(a)(2) to weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." McCants, 781 F.2d at 857; see also Pontenberg, 252 F.3d at 1256. Indeed, "Rule 41(a)(2) exists chiefly for protection of defendants." Sobe

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

News, Inc. v. Ocean Drive Fashions, Inc., 199 F.R.D. 377, 378 (S.D. Fla. 2001); see also McCants, 781 F.2d at 856 ("The purpose of the rule is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." (internal quotation marks omitted)).

While Rule 41(a)(2) allows a plaintiff to dismiss an action voluntarily once he receives approval of the district court, "[t]he rule also permits the court to attach certain conditions to its order . . . ." Iraola & CIA, S.A. v. Kimberly-Clark Corp., 232 F.3d 854, 861 (11th Cir. 2000). "[T]he 'authority to attach conditions to the order of dismissal "prevents defendants from being unfairly affected" thereby.'" Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1301 (11th Cir. 2004)(citations omitted). Such conditions may include requiring the plaintiff to pay defendant a certain sum of money in costs, expenses and reasonable attorney's fees, creating an enforceable judgment on which a defendant can execute, see Ortega Trujillo, 379 F.3d at 1300; Yoffe v. Keller Inds., Inc., 582 F.2d 982, 983 (5th Cir. 1978), or conditioning the dismissal on the payment of costs to the defendant should the plaintiff later re-file. Pontenberg, 252 F.3d at 1260; see also Roberts Enters., Inc. v. Olympia Sales, Inc. 186 F. App'x 871 (11th Cir. 2006); Versa Products, Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1328 (11th Cir. 2004); McCants, 781 F.2d at 860.[3]

Given the procedural posture of this case, the Court declines to impose any conditions or costs upon Engle. This case remains in its early stages. Celadon has not expended considerable effort or resources, financial or otherwise, in defending this case.

---

[3] Rule 41(d) provides that a court may order a plaintiff to pay all or part of the costs of a previous action filed and dismissed by plaintiff which includes the same claim and the same defendant. Fed. R. Civ. P. 41(d); see also Pontenberg, 252 F.3d at 1256 n.2.

While the parties did engage in some discovery, the depositions that were scheduled to take place in North Carolina were cancelled before any party could incur significant expenses. Notably, no dispositive motions have been filed. The Court determines that Celadon will not be "unfairly affected" by dismissal of this case without prejudice such that the imposition of conditions is warranted.[4]

In light of the foregoing, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Voluntary Dismissal and Incorporated Memorandum of Law (Doc. 23) is **GRANTED**.

2. This case is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of the Court is directed to terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 13th day of December, 2017.

**MARCIA MORALES HOWARD**
United States District Judge

Copies to:

Counsel of Record

---

[4] The Court notes that Celadon dedicates much of its Response to discussing non-binding out of circuit authority which it submits supports its position. See Response at 6-11. The Court declines to follow this authority to the extent it suggests a different outcome might be warranted in this action.